IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  24-cv-07623-MMC |
| Plaintiff, | |
| v. | **ORDER DENYING BERNIER-MUN'S MOTION TO INTERVENE** |
| SU CHANG MUN, | |
| Defendant. | |

Before the Court is Kelly Bernier-Mun's ("Bernier-Mun") "Motion to Intervene and Assert Ownership Interest," filed December 17, 2025.  Plaintiff United States and defendant Su Chang Mun have filed opposition, to which Bernier-Mun has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

The United States brings the above-titled action "to reduce to judgment outstanding federal tax liabilities assessed against Su Chang Mun."  (See Compl. ¶ 1.) By the instant motion, Bernier-Mun, defendant Su Chang Mun's former spouse, seeks, pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, to intervene in the above-titled action for the purpose of protecting her ownership interest in a property located at 1623 Kathleen Avenue, Sacramento, CA 95815 ("Kathleen Avenue property"). (See Doc. No. 37 at 2-3.)  The Kathleen Avenue property is the subject of a separate

---

[1] By order filed February 17, 2026, the Court took the matter under submission.

action filed in the Eastern District of California,  see United States v. Su Chang Mun et al., No. 25-cv-01406-DJC-AC ("Eastern District action"),[2] whereby the United States "seeks to foreclose on federal tax liens which encumber [defendant Su Chang Mun's] ownership interest" (see Doc. No. 40, Pls.' Opp. at 2.)  Bernier-Mun is a named defendant in the Eastern District action.  (See id. at 3); see also 26 U.S.C § 7403(b) (providing, in relevant part, "all persons . . . claiming any interest in the property involved in [an action to enforce lien or to subject property to payment of tax] shall be made parties").

A party is entitled to intervene where such party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  See Fed R. Civ. P. 24(a)(2).

In this instance, Bernier-Mun fails to show her interest in the Kathleen Avenue property relates to the subject of the above-titled action.  The instant action only concerns the individual tax liability of defendant Su Chang Mun, which Bernier-Mun, a third-party, has no standing to contest.  See Graham v. United States, 243 F.2d 919, 922 (9th Cir. 1957) (holding "only the taxpayer may question the assessment for taxes"); Al-Kim, Inc. v. United States, 650 F.2d 944, 947 (9th Cir. 1979) (holding "[n]either the Internal Revenue Code nor the decisions of [the Ninth Circuit] support any right of third parties to contest the merits of a tax assessment").

Moreover, to the extent Bernier-Mun asserts the instant and Eastern District actions may be resolved in a "global settlement" that, according to Bernier-Mun, "could materially affect [her] interests without her participation" (see Doc. No. 44 at 2), such

---

[2] In their respective written submissions in support of and in opposition to the motion, Bernier-Mun, as well as both parties, cite to several filings in the Eastern District action.  The Court takes judicial notice of those filings.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (holding "court may take judicial notice of matters of public record") (internal quotation and citation omitted).

United States District Court
Northern District of California

concern is unfounded.  As noted, Bernier-Mun is a named defendant in the Eastern District action, and there is no indication she would not be a necessary party to any such settlement.

Next, a district court has discretion to allow intervention by a party who is not entitled to intervene.  Such permissive intervention, however, is only appropriate where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."  See Fed. R. Civ. P. 24(b)(1)(B).[3]

In this instance, as discussed above, Bernier-Mun does not have a "claim or defense that shares with the main action a common question of law or fact," in that, she, as a third-party, has no right to contest the merits of the tax assessments levied against defendant Su Chang Mun.  See, e.g., United States v. McGrew, No. 14-cv-02647, 2014 WL 7877053, at *4 (C.D. Cal. Dec. 19, 2014) (finding ex-spouse was third-party "not entitled to dispute the validity of assessments with respect to [her former husband's] individual[] tax liabilities"), aff'd, 669 F. App'x 831 (9th Cir. 2016).  Further, to the extent Bernier-Mun alternatively "requests limited or permissive intervention . . . for the narrow purpose of clarifying that ownership of the Kathleen Avenue Property remains unresolved," the Court finds such relief unwarranted given Bernier-Mun's appearance in the Eastern District action.

For the reasons stated above, Bernier-Mun's motion to intervene is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2026

MAXINE M. CHESNEY
United States District Judge

---

[3] Although Bernier-Mun raises permissive intervention only in her reply brief, the issue is discussed by plaintiff and defendant in their respective oppositions.  (See Doc. No. 40 at 4-5; Doc. No. 39 at 3-4.)  Accordingly, the Court finds it appropriate to address said issue herein.